EDWARD G. BRADFORD *vs.* ANDREW J. MOTE, Collector of Taxes of The Council of Newark, and THE COUNCIL OF NEWARK.

New Castle County, November Term, 1895,

Taxation. Exemption.—An exemption from taxation of a manufacturing plant is not terminated by the insolvency of the company owning it, and the appointment of a receiver and a judicial sale to a purchaser who makes an effort to keep it within the lines prescribed. There must be an actual abandonment of the works for manufacturing purposes.

This was an action of trespass, in which the following case stated was agreed upon and filed :

And now, to wit, this eighteenth day of December, A. D. 1895, it is hereby agreed by and between the attorneys for the

plaintiff and defendants in the above stated cause, that the following case be stated for the opinion of the Court in the nature of a special verdict, either party to have the right to sue out a writ of error on the judgment to be entered in the cause.

First. That Andrew J. Mote, one of the defendants, is the Collector of Taxes of The Council of Newark, a municipal corporation of the State of Delaware, duly appointed and qualified as such, with full power to collect by levy and distress the taxes, hereinafter mentioned, if the property hereinafter mentioned was not exempt from said taxation.

Second. That the plaintiff since November 3d, A. D. 1893, has been and still is the owner of a certain tract of land situate in the Town of Newark, containing about six acres of land, with a large brick building thereon erected, occupying part of said land.

Third. That in the month of April, A. D. 1894, the said premises were duly assessed (unless exempt from assessment for town taxation,) by the assessor appointed by The Council of Newark, at the sum of fifteen thousand dollars, and the assessment was duly returned to and examined and adjusted by the said The Council of Newark, and a levy duly made thereon (unless exempt as aforesaid,) and on the property of other taxables, at the rate of seventy-five cents per one hundred dollars as a tax for town purposes, and twenty-five cents per each one hundred dollars as a tax for road purposes; that the list of taxables and taxable property delivered in the year 1894 to the said defendant Andrew J. Mote, Collector of Taxes, duly signed by the President of The Council, contained the name of the plaintiff as a taxable, and opposite his name on the list the assessed value of his real estate, to wit: the sum of fifteen thousand dollars, and total amount of the tax for town and road purposes, to wit, the sum of one hundred and fifty dollars.

Fourth. That the Council of Newark ordered the said collector of taxes to add five per cent. of the amount of any tax on said list unpaid on January 1st, 1895, and collect the increased amount in the same manner as though said tax had not been increased.

Fifth. That the amount of said taxes for the year 1894, claimed by The Council of Newark is the sum of one hundred and fifty-seven dollars and fifty cents, which said sum the plaintiff has refused to pay, although requested so to do.

Sixth. That after the plaintiff had refused to pay said taxes upon demand, the defendant, Andrew J. Mote, collector as aforesaid, entered upon said premises and levied a distress upon certain personal property of the plaintiff thereon for the purpose of collecting said taxes so assessed as aforesaid.

Seventh. That the building on said premises was erected and established in the year 1890 by the Theodore C. Knauff Company, then the owners of said premises, as a manufacturing plant for the manufacture of church organs, and was and is so constructed as to be particularly adapted for the manufacture of such organs, and not, without alteration, for general manufacturing purposes, and was so used and occupied by said company, employing more than ten employees, until the company became insolvent in the year 1891, and its business and property passed into the hands of receivers appointed by the Circuit Court of the United States for the District of Delaware, on the fourteenth day of November, 1891.

Eighth. That said premises were afterwards, on June 17th, 1893, sold by said receivers to said plaintiff, and conveyed to said plaintiff on November 3d, 1893, and since that time said premises have not been used or occupied as a manufacturing plant, or for any other purpose.

Ninth. That the receivers of said company after their appointment used the said manufacturing plant for a considerable time in the manufacture of organs, employing ten or more employees, and ever since their appointment and until the plaintiff became the purchaser of said premises as aforesaid, and the said plaintiff ever since he became the purchaser as aforesaid, have endeavored by advertisements and otherwise to obtain a purchaser for said premises for the manufacture of organs as aforesaid, and the said plaintiff is

now engaged in negotiations for the sale of said manufacturing plant for manufacturing purposes.

If the Court shall be of the opinion that the said tract of land and premises, at the time of assessing and levying said taxes for the year 1894, were exempt from assessment and taxation by the Council of Newark for town and road purposes, then that judgment shall be entered for the plaintiff for six cents besides costs of suit, otherwise, that judgment shall be entered for the defendant.

*Byrne*, for the plaintiff (*Hilles* with him) claimed exemption under a provision of the charter of the town of Newark, as follows:

"All manufacturing plants now or hereafter established within the limits of said town, employing ten or more employees, shall be exempt from town taxation for the term of ten years." 18 Del. Laws Ch. 175, § 31.

As for the construction of the statute, he cited, *P., W. & B. R. R. Co. vs. Neary*, 5 Del. Ch. 600, 609, where it was said by Saulsbury, Chancellor: "It is not for the judiciary to limit and restrict the plain and unambiguous language employed by the legislature in their enactments, but to give to the words of such enactments a plain and reasonable construction. It is for the Court to declare the meaning of an act of the Legislature, and not to usurp the functions of the Legislature by presuming to make law contrary to that made by the lawmaking power."

The temporary cessation of manufacturing operations will not render the property liable to a tax, *Waterbury vs. Atlas Cordage Co.*, 42 La. Ann. 723; *Osbourne vs. N. Y. & N. H. R. R. Co.*, 40 Conn. 498; *State vs. Gafney*, 34 N. J. L. 151; *Hoboken vs. North Bergen*, 43 id. 146; *People vs Pratt*, 129 N. Y. 68; *Appeal Tax Court vs. Balto. Cemetery Co.*, 50 Md. 432.

As to what are purely town taxes, he cited 19 Del. Laws 466-8, Ch. 233 § 3. This changed the hundred tax into a town tax and provided that the town commissioners should pay to the county $300. This therefore, is clearly a town tax.

*C. M. Curtis*, for the defendant.

The Act is to be strictly construed and most favorably to defendant.

Statutes exempting property from the common burdens of taxation are strictly construed. Every presumption is against the surrender of the power of taxation, and the intention to grant the immunity must be clear beyond a reasonable doubt. The burden of proof is on the party claiming exemption to show that he is entitled to it.

In addition to the general rule, it is expressly declared by Section 51 of the charter of the town of Newark, that the Act "shall be construed most favorably for the corporation."

Exemption depends on actual employment of the property in manufacture; *State vs. State Board of Assessors*, 25 Atl. Rep. 329 ; *Electric Traction &c. Co. vs. New Orleans*, 14 So. Rep. 231.

A temporary suspension of business on account of some exigency would not make it subject to taxation, but when it withdraws from business with intention of abandoning it, it cannot be termed a manufacturing corporation carrying on business in the State. *Accord Norton &c., Co. vs. State Board of Assessors*, 25 Atl. Rep. 352; *Electric Traction &c. Co. vs. City of New Orleans*, 14 So. Rep. (La.) 231.

To be entitled to the immunity from town taxation, the owner of the property must show that it was at the time it was assessed a manufacturing plant employing ten or more employees.

Part of the property assessed was a building, originally constructed as a manufacturing plant, and at the time of the assessment it was still adapted for use as a manufacturing plant, but it was not then so used, and had not been so used for some time prior to the assessment. The assessed property of the plaintiff was not therefore, at the time of its assessment, a manufacturing plant employing ten or more employees, and is not entitled to exemption.

The word "employing" means "while it continues to employ," and if there be a permanent withdrawal, voluntary or involuntary, from use of the plant as a manufacturing plant actually employing ten or more men, it thereby loses its immunity from taxation.

Employment of ten or more employees is a condition of exemption which continues throughout the whole ten years.

If this were not true the owner of any manufacturing plant could easily secure the exemption for the whole ten years by a fictitious employment of workmen at the time of the establishment of the plant, and then reduce the number below ten employees, and so evade the act and obtain an immunity from taxation without giving corresponding benefit to the community.

The question as to the exemption depends on the condition of affairs at the time of the assessment of the property and the laying of the tax, and not upon such a state of affairs as now exists. Whether negotiations are now pending for the sale of the property is immaterial and should not control the decision of the question, for they may fail of consummation, and the exemption would still continue.

The tax assessed for road purposes is not within the exemption.

The property in question is assessed for two kinds of tax, viz: a tax for town purposes and a tax for road purposes, and the latter is not town taxation.   See Vol. 19, Del. Laws 455, Ch. 233 § 3.

The tax for road purposes is taxation for the benefit of the White Clay Creek Hundred for part of it goes to the Road Commission of that hundred to be applied outside of the town.   The tax is laid by the town but is not entirely a town tax, and therefore not strictly town taxation.

LORE, C. J., delivered the opinion of the Court:

We recognize the force of the argument of counsel for the defendant, that the Legislature contemplated in this exemption, not only the establishment of the manufacturing plant, but also the continuance and operation of the plant, and that such is a fair construction of this act.

The underlying question in this case is this, whether or not there was an actual abandonment of those works for manufacturing pur-

poses, or such a non-user of them as would amount to an abandonment in contemplation of law.

This is a case where a manufacturing plant was established, operated and maintained, first by the original parties for some years, then under a receiver for a short period. It was then sold. By reason of financial embarrassment there was an inability of the parties to conduct it. The plant by judicial sale, passed to the present owner, the plaintiff; who by the admission of the case stated before us, shows that he is now trying to keep the plant within the lines prescribed. The plant has been devoted to manufacturing purposes only and is not shown to have been used for any other purpose. The suspension of work in the plant was by reason of want of funds to carry on the business.

Under these circumstances it would be a very harsh construction of the statute, to say that this property was not exempt from taxation at the time of the levy. In our judgment it is exempt. To hold otherwise would be a hardship on the unsuccessful investor. Evidently the Legislature intended to encourage the establishment and operation of manufacturing plants in the town of Newark, to bring capital there, and to give employment to the people of the town. But we do not believe it intended, that investors if successful should be exempt from taxation, and if unsuccessful, should be liable to taxation. This would be punishment for their misfortune.

Under the admitted facts, there has been no actual abandonment of the plant, and we do not think from the facts stated, that the temporary suspension of operation, has been so unreasonable, as to work a forfeiture of the exemption from taxation.

Let judgment be entered for the plaintiff in pursuance of the terms of the case stated.